STATE OF HAWAII, Plaintiff-Appellant, *v.* AARON ROSS ESTENCION, Defendant-Appellee

NO. 7455

MARCH 31, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

## OPINION OF THE COURT BY LUM, J.

The State of Hawaii appeals from an order of the circuit court dismissing with prejudice the charge of burglary in the second degree (HRS §§ 702-222(1)(b) and 708-811 (1976) ) against defendant Aaron Ross Estencion under Rule 48(b),[1] Hawaii Rules of Penal

---

[1] Rule 48. DISMISSAL.

  (b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

    (1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

    .  .  .  .

  (c) *Excluded Periods.* The following periods shall be excluded in computing

Procedure (HRPP). The court ruled that the State had violated Rule 48(b)(1) by failing to bring defendant to trial within six months after his arrest. Two questions are raised by this appeal. Did the trial court abuse its discretion in finding that there was an absence of. "good cause"[2] for the delay, and did the court abuse its discretion in ordering the dismissal with prejudice?[3] We answer both questions in the negative and affirm the dismissal.

## I.

On September 2, 1978, defendant was arrested and released on bail. He was not indicted by the grand jury until February 28, 1979. On March 7, 1979, he was arraigned; because of Rule 12(c),[4] which allowed 21 days to file pretrial motions, the court set trial for March 29, 1979. Due to the court's occupation with a lengthy trial, an immediate setting after March 29 was unavailable; the court settled on April 16, 1979 as the earliest trial date. On March 28, 1979, defendant filed his motion to dismiss under Rule 48, and the court granted the motion, ruling, *inter alia,* that (1) seven and one-half months elapsed between the arrest date and trial date; (2) it would exclude 19 days due to court congestion under Rule 48(c)(2),[5] (3) even with the exclusion, more than six months elapsed since the arrest; (4) defendant suffered prejudice by the delay; (5) the dismissal be with prejudice.

The court also found that the State failed to demonstrate "good cause" under Rule 48(c)(8) for the delay. The State had argued that

---

the time for trial commencement:

  .   .   .  .

    (2) periods of delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances;

  .   .   .  .

    (8) other periods of delay for good cause.

[2] *See* note 1 *supra* — Rule 48(c)(8).

[3] *See* note 1 *supra* — Rule 48(b).

[4] Rule 12(c) *Motion Date.* Pretrial motions and requests must be made within 21 days after arraignment unless the court otherwise directs.

[5] *See* note 1 *supra.*

the delay was caused by an absence of facilities in Hawaii County for the police criminalist to conduct a test of the evidence, requiring the evidence to be sent to Honolulu for testing; that the written report of the criminalist was not completed until November 24, 1978, and did not reach the prosecutor until January 3, 1979. The State also argued that delay was caused by a shortage of prosecutors and a shortage of experienced prosecutors in the Hawaii County prosecutor's office.

The State now contends that the trial court abused its discretion in failing to find "good cause."

## II.

Under Rule 48(c)(8), a general "good cause" ground is provided to take care of *unanticipated circumstances* (emphasis added), *see* Commentary to Rule 48, HRPP, and is recognized expressly as a residual discretionary power in the trial judge. ABA Standards for Criminal Justice — Speedy Trials, § 2.3(h).

As a general rule, "good cause" means a substantial reason; one that affords a legal excuse. *State v. Churchill,* 82 Ariz. 375, 313 P.2d 753 (1957); *State v. McTague,* 173 Minn. 153, 154, 216 N.W. 787, 788 (1927). There is no fixed rule for determining good cause for delay of trial which does not violate accused's constitutional and statutory rights, the matter being one for judicial determination, *Wilson v. State,* 313 P.2d 534 (Okla. Crim. 1957), and the question of what constitutes good cause for a delay in bringing accused to trial is primarily for the discretion of the trial court. *In re Rash,* 64 Idaho 521, 134 P.2d 420 (1943); *People v. Burns,* 128 C.A. 226, 16 P.2d 1015 (1932).

The trial court's discretion will not be disturbed unless there is a clear case of abuse or the court's ruling is arbitrary and capricious. *State v. Fry,* 61 Haw. 226, 602 P.2d 13 (1979); *State v. Martin,* 56 Haw. 292, 535 P.2d 127 (1975). The burden of establishing abuse of discretion is on appellant, *State v. Vincent,* 51 Haw. 40, 450 P.2d 996 (1969), and a strong showing is required to establish it. *Wiggins v. State,* 39 Ala. App. 433, 104 So.2d 560, *cert. denied,* 267 Ala. 701, 104 So.2d 567 (1958); *Magenton v. State,* 76 S.D. 512, 81 N.W.2d 894 (1957).

We hold that the finding of "good cause" under Rule 48(c)(8) is

within the discretion of the trial court. Viewing the record, we hold that the State did not meet its burden of showing an abuse of discretion by the trial court. We are not convinced by the record that with due diligence the State could not have brought defendant to trial within the allotted time. Consequently, we find no clear abuse by the trial court in the exercise of its discretion under Rule 48(c)(8).

### III.

The purpose of Rule 48 is to ensure an accused a speedy trial, which is separate and distinct from his constitutional protection[6] to a speedy trial. And, its purpose is also in furtherance of policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process. *See* Introduction to ABA Standards Relating to Speedy Trials.

Unreasonable delay in the determination of criminal action subverts the public good and disgraces the administration of justice, *People v. Solomon*, 296 N.Y. 85, 70 N.E.2d 404 (1946), and the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent and exists independently of statute. *United States v. Clay*, 481 F.2d 133 (7th Cir. 1973), *cert. denied*, 414 U.S. 1009 (1973).

We note that other statutes authorizing dismissal for delays in bringing an accused to trial have been applied differently by courts. Some jurisdictions have removed discretion from the courts. Given a violation of the rule, some courts must dismiss without prejudice; whereas others must dismiss with prejudice.[7] Some courts use the

---

[6] Sixth amendment, U. S. Constitution, and art. I, § 14, Hawaii Constitution.

[7] United States v. LaCruz, 441 F.Supp. 1261 (S.D.N.Y. 1977) (Section 7, Southern District of New York Plan for Prompt Disposition of Criminal Cases, essentially the same as that in Hilbert, below); United States v. Furey, 514 F.2d 1098 (2d Cir. 1975) (Rule 4, Eastern District Plan for the Prompt Disposition of Criminal Cases, which requires dismissal with prejudice unless the U. S. Attorney can show excusable neglect and can proceed within 10 days); Hilbert v. Dooling, 476 F.2d 355 (2d Cir. 1973), *cert. denied*, 414 U.S. 878 (1973) (Rule 4, Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, which requires the U. S. Attorney to be ready for trial within 6 months of arrest, detention, etc., with extensions, or be foreclosed from proceeding with the prosecution); Pillars v. State, _____ Ind. App. _____, 390 N.E.2d 679 (1979)

analysis laid out in *Barker v. Wingo,* 407 U.S. 514 (1972), in deciding whether to dismiss with prejudice. *United States v. McLemore,* 447 F.Supp. 1229, 1234 (E.D. Mich. 1978).

§ 4.1 of the ABA Standards Relating to Speedy Trial requires absolute discharge.

If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge. Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense. . . .

However, Rule 48(b), unlike the ABA rule, reposes discretion in the trial court, evidenced by the language that the trial court "may dismiss the charge, with or without prejudice in its discretion."

To eliminate confusion and to help the trial court in the exercise of its discretion here, we think the following language is appropriate:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

§ 3162(a)(1) of the Federal Speedy Trial Act, 18 USCA (1969), Supp. 1980.

We adopt the language of the Federal Speedy Trial Act as a requirement to Rule 48(b). Based on the record, we are satisfied that the foregoing requirement has been satisfied; there is no clear showing that the trial judge abused his discretion in dismissing the charge with prejudice. Absent abuse, we affirm the trial court's dismissal of the case with prejudice.

---

(time limit of one year plus exclusions); State v. McNeil, 20 Wash. App. 527, 582 P.2d 524 (1978) (adopting ABA Standards under Crim. Rule 3.3, which requires trial be brought within 90 days of the preliminary appearance of the defendant); Peterkin v. State, 543 P.2d 418 (Alaska 1975) (Alaska Crim. Rules 45, which requires discharge if the case is not tried within 120 days of arrest, information, etc.) and Commonwealth v. Carter, 236 Pa. Super. Ct.336, 344 A.2d 648 (1975) (Pa. R. Crim. P. 1100 requires trial within 180 days of the complaint or 90 days of the preliminary appearance of the defendant).

We do not reach the issue of whether the trial court should have excluded the period reserved for pretrial motions under HRPP Rule 12(c) from the delay. The issue was not raised below. An appellate court need not consider an issue not raised in the trial court. *State v. Kahalewai,* 56 Haw. 481, 541 P.2d 1020 (1975); *House v. Ane,* 56 Haw. 383, 538 P.2d 320 (1975).

Affirmed.

*Kenneth K. Fukunaga,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Anne Randolph,* Deputy Public Defender, for defendant-appellee.