STATE OF HAWAI`I, Plaintiff-Appellee,
v.
James ZULUETA, Defendant-Appellant.
No. 28608.
Intermediate Court of Appeals of Hawaii.
June 3, 2008.
On the briefs:
Dana S. Ishibashi, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FOLEY, JJ.
James Zulueta, also known as Kimo (Zulueta), appeals from the Judgment of Conviction and Sentence entered on June 4, 2007 in the Circuit Court of the First Circuit (circuit court).
Zulueta was indicted for intentionally or knowingly causing serious bodily injury to Romeo Cocson (Cocson), thereby committing the offense of Assault in the First Degree, in violation of Hawaii Revised Statutes § 707-710 (1993). The charge stemmed from an incident on May 8, 2006 in which Zulueta allegedly slashed Cocson's eyelids with an unknown object during a card game.
The case was tried to a jury.[1] After the State of Hawai`i (State) rested, the circuit court granted Zulueta's motion for judgment of acquittal as to Assault in the First Degree, but held that the included offense of Attempted Assault in the First Degree would go to the jury. The jury found Zulueta guilty of Assault in the Third Degree, and the circuit court sentenced him to 358 days of incarceration with credit for time served.[2]
Zulueta raises the following points of error on appeal:
(1) "The trial court erred in not granting [Zulueta's] motion to dismiss for violation of Rule 48 of the Hawai[`]i Rules of Penal Procedure [(HRPP)]."
(2) "The trial court erred by precluding [Zulueta] from confronting [Cocson] about an accusation that [Zulueta] had stolen [Cocson's] wallet." Zulueta argues that he should have been permitted to question Cocson about his alleged accusation because it was relevant to Cocson's credibility and it "provided a motive for Cocson to accuse him of slashing his eyes."
(3) "The trial court erred by giving court's Instruction No. 34 which was an incomplete statement of the law defining the elements of an offense." Zulueta argues that the instruction was incomplete because it did "not instruct[] the jury that the State had the burden of `negativing' [Zulueta's] wasn't there' defense beyond a reasonable doubt."
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Zulueta's points of error as follows:
(1) The circuit court did not err in denying Zulueta's HRPP Rule 48 motion to dismiss. Zulueta argues that the circuit court improperly excluded three periods of time when it determined whether Zulueta was brought to trial within the six months required by HRPP Rule 48(b). However, we conclude that the circuit court did not err in excluding the time from August 15, 2006, when defense counsel orally moved to "take the trial week off of the calendar" so that counsel could file a motion for a mental examination of Zulueta, until August 31, 2006, when defense counsel filed the written motion for the examination. Since the circuit court continued the scheduled trial date at the request of defense counsel, that sixteen day period of time was excludable pursuant to HRPP Rule 48(c)(3) (periods of time "that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel").
Also, we conclude that the circuit court did not err by excluding the time from January 24, 2007, when the circuit court appointed new defense counsel, to February 26, 2007, when new counsel requested and was granted a continuance to prepare for trial. Zulueta argues that the period from January 24, 2007 to February 26, 2007 was improperly excluded by the court because "[d]efense counsel . . did not ask for a continuance" on January 24th. However, the circuit court reasoned that January 24th through February 26th was excludable because: (1) prior defense counsel filed the motion to withdraw as counsel one week prior to the scheduled January 16, 2007 trial date with no explanation as to why the conflict wasn't discovered earlier; (2) the late withdrawal "require[d] the trial to be taken off the calendar and reset"; and (3) because new counsel was coming in so late, counsel would need the additional time "to be prepared for trial and to meet the defendant, receive discovery and get prepared, certainly, that whole period of time has to be attributed to a delay caused by the defense.
We agree with the circuit court's assessment, and note that prior defense counsel requested that the trial be reset when that counsel's motion to withdraw was heard on January 10, 2007. The court granted that request and rescheduled the trial date to February 26, 2007. Thus, the time from January 24, 2007 to February 26, 2007 was excludable under HRPP Rule 48(c)(3) as a "continuance granted at the request or with the consent of . defendant's counsel[.]"[3]
Alternatively, the period was excludable for "good cause" under HRPP Rule 48(c)(8). The circuit court properly found that withdrawal of defense counsel one week prior to trial required that the January 16, 2007 trial date be taken off the calendar so that new counsel could be sought and appointed, and that new counsel would need time to adequately prepare for trial. Moreover, although new counsel did not move for a continuance when he was initially appointed on January 24, 2007, new counsel did move for a continuance on February 26, 2007 because he needed additional time to prepare. The fact that new counsel was not ready to proceed on February 26, 2007 provides further support for the circuit court's initial assessment that new counsel needed the time from January 24, 2007 to February 26, 2007 in order to adequately prepare. Accordingly, there was good cause to exclude those 33 days under HRPP Rule 48(c)(8) HRPP Rule 48(c)(8); State v. Estencion, 63 Haw. 264, 267, 625 P.2d 1040, 1042 (1981) ("`[G]ood cause' means a substantial reason; one that affords a legal excuse.").
Based on our conclusion that the periods of time from August 15 to August 31, 2006, and January 24 to February 26, 2007, were properly excluded,[4] we conclude that Zulueta was brought to trial within the time prescribed by HRPP Rule 48, and that the circuit court did not err in denying the motion.
(2) The circuit court did not abuse its discretion in precluding Zulueta from cross-examining Cocson about an allegation by Cocson that Zulueta had stolen Cocson's wallet on another occasion.
Zulueta filed a motion in limine before trial that sought to exclude, inter alia:
(a) Testimonial or documentary evidence relating to the defendant's prior criminal record, to wit:
(1) any reference of [Zulueta] being in jail, e. Oliver Fermin's statement of 5/10/07 at 8; and
(b) Testimonial or documentary evidence relating to any other "bad acts" and prejudicial character evidence involving the defendant, to wit:
(1) any testimony about prior attacks and innocent people, e.g., Adrina Barrett statement of 5/11/06 at 7 and 10[.]
The circuit court heard the motion on the first day of trial. The State did not object to the motion, and requested that it "apply to both defense and prosecution. The circuit court granted the motion and stated that the court would "apply its ruling to both sides[.]" Zulueta did not object to the court applying its ruling to both sides. Counsel for Zulueta stated "I think all the witnesses should be admonished and informed about whatever the Court rules regarding this motion[,]" and the court responded, "Okay."
At trial, Cocson testified on direct examination about the May 8, 2006 incident. When defense counsel cross-examined Cocson about events that took place after that day, the deputy prosecuting attorney (DPA) asked to approach the bench and advised the court and defense counsel that Cocson had told the DPA about an incident "a couple of days after this altercation where [Zulueta] may have stolen his wallet." The DPA stated that he had advised Cocson "that we're not going to go into that. But if [defense counsel] continues to ask these questions, that might come up."
In response to a subsequent question from defense counsel about whether Cocson had seen Zulueta after the May 8, 2006 incident, Cocson denied that he had. Defense counsel then asked, "So it's not true that when you told this prosecutor that you believed that a day or two after the incident that you believed that [Zulueta] stole your wallet at a time when you guys were together again after the  after you had had your stitches?" The circuit court sustained the State's objection to the question and instructed the jury to disregard it. The court explained:
I think that the way this motion in limine has been phrased and the way the Court excluded all evidence, I think this has put this case in a situation where the witness has been instructed in good faith by the government not to refer to it. And I think that it would change the posture of the case at this point to get into this act. So the Court is going to  I'm going to instruct the jury to disregard the last question.[5]
Defense counsel then said that the defense had no further questions.
Preliminarily, we address Zulueta's contention that the court's ruling on the motion in limine did not apply to the allegation by Cocson that his wallet had been stolen by Zulueta on a separate occasion after the May 8, 2006 incident. We agree with the circuit court's conclusion that the motion (and the court's resulting order) was broad enough to prohibit the introduction of evidence about the alleged stolen-wallet incident. Moreover, we note that when the circuit court issued that order, it specifically held that the order "appl[ied] to both sides," e.g. that it precluded Zulueta, as well as the State, from introducing such evidence and Zulueta did not object to that aspect of the court's ruling at that point.
Even assuming arguendo that a party who successfully brings a motion in limine to exclude certain evidence should be allowed, in some circumstances, to change its position later in the proceedings and to then seek to introduce the evidence, we conclude that the circuit court did not abuse its discretion in finding that such circumstances did not exist here. As the circuit court observed, Cocson's denial of having seen Zulueta after the May 8, 2006 incident appears to have been the result of a good-faith instruction by the DPA to Cocson, based on the court's ruling on the motion in limine, not to discuss the wallet incident. Having elicited that denial from Cocson under those circumstances, it would have been unfair to allow Zulueta to impeach Cocson with his statement to the DPA, without in turn allowing the State to introduce evidence regarding the court's ruling on the motion in limine and the DPA's instructions to Cocson based on that ruling. That, in turn, would have involved a collateral inquiry which could have confused the jury and delayed the proceedings.
In these circumstances, we cannot say that the circuit court abused its discretion in finding that the probative value of the testimony was limited, and that it was substantially outweighed by the possible prejudicial effect to the State and the need for a "mini-trial" regarding the wallet incident and the circumstances leading up to the testimony. Hawaii Rules of Evidence Rule 403; see Taylor v. State, 600 P.2d 5, 7 & n.7 (Alaska 1979) (it was not error, under Alaska Rules of Evidence Rule 403, for trial court to prevent inquiry into an apparently false statement signed by a witness for the state, since the "prosecutor's uncontradicted explanation of the statement was that [the witness] signed the statement, with express permission of the police, to preserve his undercover status"); see also United States v. Cole, 670 F.2d 35, 37-38 (5th Cir. 1982) (it was not error, under Federal Rules of Evidence Rule 403, for trial court to preclude defense questions into alleged attempts by federal agents to intimidate witnesses, since they would have opened up a collateral inquiry in which "the Government [would have] the opportunity to refute the inference that it had participated in a frame-up of defendants").
Zulueta suggests that the circuit court's ruling denied him his sixth amendment right to confront Cocson, see State v. Balisbisana, 83 Hawai`i 109, 924 P.2d 1215 (1996), because the alleged wallet incident "provided a motive for Cocson to accuse [Zulueta] of slashing [Cocson's] eyes." When the court ruled on the State's objection to Zulueta's proposed question to Cocson, defense counsel proferred that the alleged wallet incident took place after the May 8, 2006 incident that was the subject of this case. Based on the timing of the two incidents reflected in that proffer, it was not error for the circuit court to conclude that the wallet incident did not provide a motive for Cocson to fabricate the May 8, 2006 incident, and thus it was not error to deny cross-examination for the purpose of establishing motive.[6]
Accordingly, we conclude that the circuit court did not abuse its discretion in sustaining the State's objection to Zulueta's question to Cocson, and that Zulueta was not denied his right to confront Cocson.
(3) The circuit court did not err in instructing the jury regarding the State's burden of proof. "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Gonsalves, 108 Hawai`i 289, 292-93, 119 P.3d 597, 600-01 (2005) (citations omitted).
When "read and considered as a whole," the court's instructions clearly directed the jury that the State was required to disprove Zulueta's assertion that he "wasn't there" at the time of the offense. Instruction No. 35 stated the elements of and burden required to find a defendant guilty of Attempted Assault in the First Degree as follows:
An included offense of the offense charged in the indictment is Attempted Assault in the First Degree.
A person commits the offense of Attempted Assault in the First Degree if, he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in the course of conduct intended or known to cause serious bodily injury to another person.
There are two material elements of the offense of Attempted Assault in the First Degree, each of which the prosecution must prove beyond a reasonable doubt.
These two elements are:
1. That, on or about May 8, 2006, in the City and County of Honolulu, State of Hawai`i, the Defendant James E. Zulueta, engaged in conduct which, under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct intended or known by the defendant to cause serious bodily injury to Romeo Cocson; and
2. That the Defendant engaged in such conduct intentionally.
Conduct shall not be considered a substantial step unless it is strongly corroborative of the Defendant's intent to intentionally or knowingly cause serious bodily injury to another person.
By instructing the jury that the State must prove beyond a reasonable doubt that "the Defendant" engaged in the requisite conduct with the requisite state of mind, the court made clear to the jury that the State had the burden of disproving Zulueta's "I wasn't there" defense.
Moreover, Instruction Nos. 36, 38, and 39 on the lesser-included offenses of Assault in the Second Degree, Attempted Assault in the Second Degree, and Assault in the Third Degree similarly stated that the prosecution must prove that "the Defendant" engaged in the requisite conduct with the requisite state of mind beyond a reasonable doubt.
In sum, even though the court's Instruction No. 34 did not refer to the State's burden of disproving Zulueta's "I wasn't there" defense, Instruction Nos. 35, 36, 38 and 39 clearly stated that burden. Thus, when the instructions are read as a whole, the circuit court did not err.
THEREFORE, the Judgment of Conviction and Sentence entered on June 4, 2007 in the Circuit Court of the First Circuit is hereby affirmed.
NOTES
[1] The Honorable Richard W. Pollack presided over the jury trial.
[2] The Honorable David W. Lo presided at sentencing.
[3] Zulueta concedes that the period from January 9, 2007, when defense counsel filed a written motion to withdraw, and January 24, 2007, when the circuit court appointed new defense counsel, is per se excludable pursuant to HRPP Rule 48(d)(1).
[4] In view of this conclusion, we need not address Zulueta's contention that the circuit court improperly excluded the period from November 14, 2006, when the circuit court held a Return on Three-Panel Examination Regarding Penal Responsibility hearing, to January 16, 2007, the new trial date set at the penal responsibility hearing.
[5] The next day, the circuit court discussed its ruling further:

[T]he Court wants to note that it believes that the evidentiary value of allowing further inquiry as to subsequent conduct, the evidentiary value of that would have been extremely slight. And the Court believes the prejudice to allow that would have been great in the circumstances, especially after that witness had been instructed not to discuss it. And there was nothing to prohibit Defense Counsel, which Defense Counsel actually was able to do later, to get from his client that he did see the complainant later. And that part, the conflict or the inconsistency which Defense Counsel sought to bring out, was able to be brought out. But the fact not about any subsequent allegation of misconduct the Court finds that the possible distraction of prejudice and bringing up another mini-trial in that, just the value of the evidence was extremely light. And under 403 the Court additionally made its ruling.
[6] It wasn't until the court discussed its ruling again after the close of the evidence that Zulueta's counsel suggested (as Zulueta now appears to contend on appeal) that the alleged wallet incident took place prior to the May 8, 2006 incident, and provided a motive for Cocson to falsely blame Zulueta for the May 8, 2006 incident. However, that after-the-fact proffer was not sufficient to preserve the issue for appeal. HRE Rule 103(a)(2).