Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000111
13-APR-2018
07:48 AM

NO. CAAP-17-0000111

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
YINGJIA ZHANG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-16-00202)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Yingjia Zhang (**Zhang** or **Defendant**) appeals from the District Court of the First Circuit's (**District Court**)[1] January 31, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), dismissing the charge of operating a vehicle under the influence of an intoxicant (**OVUII**) pursuant to Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), (a)(3), and (b)(1),[2] without prejudice.

---

[1] The Honorable Lanson K. Kupau (**Judge Kupau**) issued the Judgment. The Honorable Linda K. C. Luke (**Judge Luke**), the Honorable James H. Ashford, the Honorable Philip M. Doi, the Honorable Alvin K. Nishimura, the Honorable Michael A. Marr, and the Honorable Paula Devens-Matayoshi also presided in this case, as noted herein only when pertinent.

[2] HRS § 291E-61 (Supp. 2017) provides in relevant part,

(continued...)

Zhang raises a single point of error on appeal, arguing that the District Court erred in dismissing the case without prejudice, as opposed to dismissing it with prejudice. In support of this argument, Zhang contends that: (1) the District Court abused its discretion when it purportedly modified another judge's earlier order by not hearing Zhang's pre-trial motions on January 31, 2017; (2) there were no findings, or weighing of Estencion factors, supporting the dismissal without prejudice; and (3) the District Court failed to decide Zhang's January 17, 2017 motion to dismiss.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Zhang's point of error as follows:

(1) We reject Zhang's contention that the District Court modified the prior ruling of another judge. There is no transcript in the record of the subject hearing before Judge Luke, which was held on November 30, 2016, but the District

---

[2](...continued)
§ 291E-61. Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

    . . . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath . . .

Defendant was charged with OVUII under subsection (b)(1) of this statute, as a non-habitual offender, which is a petty misdemeanor. See HRS § 291E-61(b)(1); HRS § 701-107(4) (2014).

2

Court's order for that hearing states "firm set for evid. motion/trial" and sets a return court date of January 31, 2017. On January 31, 2017, after taking a recess to review the matter and apparently having discussed the matter with counsel, the following exchange, and the ruling by Judge Kupau, took place:

> MR. DICKENSON [for the State]: Okay. And, your honor, based upon off bench conference discussions, as State would not be able to proceed to completely resolve the motion to suppress, or if it were to go to trial the State does not believe that it can meet a prima facie acquittal as Officer Atkins is not present, State would ask for a continuance of this matter with Rule 48 -- with the additional calculation being March 20th, 2017.
>
> THE COURT: Okay.
>
> MR. HOLCOMB [for Zhang]: And we object, your honor, noting this is the fourth time my client has flown in from California to address this petty misdemeanor and that on 11/30 Judge Luke had set this as a firm evidentiary trial setting.
>
> THE COURT: Okay. Thank you. Looking at the minutes and seeing that Judge Luke did set this as a firm hearing and trial and the court's understanding of being a firm setting means that the -- both State and defense must be ready to proceed, defense is ready to proceed, we do not have Officer Atkins who is the stopping, arresting and implied consent form officer that would testify to all of those matters which touch upon many of the motions set for hearing this morning. If the State proceeded with just the field sobriety test officer, the State would not be able to prove their case beyond a reasonable doubt. In balancing all of the factors, including that defendant has been here four times and travelling at his own expense from out of state, it is only fair and just that the court make the following rulings: that the court will dismiss this matter without prejudice. Any bail posted will be refunded as prejudice -- without prejudice for a period of 30 days. If the State does not file -- refile within 30 days, that prejudice will attach. Any questions?
>
> MR. DICKENSON: No, your honor.
>
> MR. HOLCOMB: No, your honor.
>
> THE COURT: Okay. Thank you very much, sir. Thank you.

Judge Kupau reviewed and acknowledged Judge Luke's order and effectively denied the State's request for a further continuance – which arguably would have been a modification or in

contravention of Judge Luke's order - and then proceeded to dismiss the case, albeit without prejudice for 30 days. Zhang's objection, based on having flown in from California four times, was in response to the State's request for a continuance. Zhang did not argue that Judge Kupau's ruling was a modification or violation of Judge Luke's ruling. Moreover, although Zhang argued earlier in the hearing that the case should be dismissed based on Judge Luke's "firm setting," Zhang did not at any point argue that it should be dismissed with prejudice and Zhang did not object to the dismissal being without prejudice.

We conclude that Judge Kupau's decision was based on Judge Luke's earlier ruling and did not modify it. Therefore, we need not address Zhang's argument that the modification was an abuse of discretion.

(2) Zhang argues, in part, that the District Court erred in dismissing the charge without prejudice because the District Court "made inadequate findings to justify its decision." Zhang submits that, in lieu of remanding for entry of findings of fact, we should reach the merits ourselves and dismiss the case with prejudice. Alternatively, Zhang argues that he is "entitled to remand to have appropriate findings made." We agree with the latter proposition, as the District Court did not articulate the basis for its dismissal without prejudice, as opposed to with prejudice. See State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981) (in exercising its discretion to dismiss a criminal charge with or without prejudice for violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 48,

4

a court must consider the following factors: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."); State v. Mageo, 78 Hawai'i 33, 37-38, 889 P.2d 1092, 1096-97 (App. 1995) (a trial court has the inherent power to dismiss with or without prejudice for failure to prosecute with due diligence, but should issue written findings setting forth reasons).

(3) In light of the above, we need not reach the issue of whether the District Court erred in not ruling on Zhang's HRPP Rule 48 motion.[3]

Accordingly, the District Court's January 31, 2017 Judgment is vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, April 13, 2018.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3]    Upon review of the transcript of the January 31, 2017 hearing, however, we note that it does not appear, as the State argues, that Zhang's HRPP Rule 48 motion to dismiss was clearly withdrawn or that Zhang's right to a speedy trial was knowingly and voluntarily waived.