**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000281
25-FEB-2021
08:09 AM
Dkt. 58 SO**

NO. CAAP-20-0000281

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER ALMLI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAI'ANAE DIVISION)
(CASE NO. 1DTA-19-02953)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Christopher Delano Almli (**Almli**)
appeals from the Notice of Entry of Judgment and/or Order and
Plea/Judgment entered on March 13, 2020 (**Judgment**), in the
District Court of the First Circuit, Wai'anae Division (**District
Court**).[1]

On September 17, 2019, Almli was charged by Complaint
with Operating a Vehicle Under the Influence of an Intoxicant

---

[1]    The Honorable Sherri-Ann Iha presided.

(**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(4) (Supp. 2019).[2] On March 13, 2020, the District Court dismissed the Complaint without prejudice "based on the fact that [the Honolulu Police Department] has not complied with what [discovery] was requested and the State is not ready to proceed today." The District Court stated, "I'm going to dismiss it without prejudice because the case should be heard on its merits," without any further explanation.

On appeal, Almli raises a single point of error, contending that the District Court erred in dismissing the case without prejudice or, at the very least, the case should be vacated and remanded for findings in support of dismissing with or without prejudice. Although the State argues that the District Court did not abuse its discretion in dismissing the case without prejudice, the State acknowledges that perhaps the District Court did not sufficiently articulate the Estencion[3]

---

[2]     HRS § 291E-61(a)(1) provides:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]
> > . . . .
> > (4)     With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3]     See State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

2

factors and any other factors it considered in rendering its decision to dismiss without prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Almli's point of error as follows:

"In criminal cases, 'the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent.'" State v. Mageo, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995) (emphasis and brackets omitted) (quoting Estencion, 63 Haw. at 268, 625 P.2d at 1043). A trial court has the inherent power to dismiss a charge with or without prejudice, but must clearly articulate the reasons for its decision so that a reviewing court may accurately assess whether the trial court duly exercised its discretion. See id. at 37-38, 889 P.2d at 1096-97 (trial courts exercising their inherent power to dismiss a criminal case with prejudice should set forth their reasons for doing so); see also State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013) (in determining whether to dismiss a charge with or without prejudice under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48(b), the trial court must "clearly articulate the effect of the . . . factors [set forth in Estencion, 63 Haw. at 269, 625 P.2d at 1044] and any other factor it considered in rendering its decision"). When issuing its findings, the trial court should consider the appropriate factors

3

depending upon the grounds for dismissal.  Compare Mageo, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97 (dismissal with or without prejudice for want of prosecution requires "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" (quoting State v. Moriwake, 65 Haw. 47, 56, 647 P.2d 705, 712 (1982)) (bracket omitted)), with Estencion, 63 Haw. at 269, 625 P.2d at 1044 (dismissal with or without prejudice for violation of HRPP Rule 48 requires consideration of:  "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

Here, the District Court did not provide any explanation for its decision to dismiss the charge without prejudice, except to say that the case should be heard on the merits, which is devoid of an explanation or findings consistent with applicable case law.  We conclude that the record in this case is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion in dismissing Almli's OVUII charge without prejudice.

Therefore, the District Court's March 13, 2020 Judgment is vacated, and this case is remanded to the District Court to make findings that articulate the factors considered in rendering

its decision to dismiss with or without prejudice and the effect of those factors in this case.

DATED: Honolulu, Hawaiʻi, February 25, 2021.

On the briefs:

Richard L. Holcomb,
(Holcomb Law, LLLC),
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge