**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000514
29-APR-2024
07:53 AM
Dkt. 41 SO**

NO. CAAP-23-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
GLEN HERBERT VALEROS, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000546)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the August 3, 2023 Order Granting Defendant's Motion to Dismiss for Violation of [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 48 (**Dismissal Order**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of Defendant-Appellee Glen Herbert Valeros (**Valeros**).

The State raises a single point of error on appeal, contending that the Circuit Court abused its discretion when it dismissed the charges against Valeros with prejudice, as opposed to without prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Michelle Drewyer presided.

the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

The State argues that the Circuit Court abused its discretion in dismissing with prejudice because it failed to properly weigh the three factors identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981). The three-factor test under Estencion is an adoption of the Federal Speedy Trial Act and is meant to apply when there is a violation of HRPP Rule 48(b). It states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Id. at 269, 625 P.2d at 1044 (citation omitted).

Prejudice to the defendant may also be relevant to the determination, but this is often inherent in an examination of the third Estencion factor. See State v. Fukuoka, 141 Hawaiʻi 48, 56, 404 P.3d 314, 322 (2017) (citations omitted).

Here, the Circuit Court did not enter any written findings of fact or conclusions of law supporting the Dismissal Order. So, we examine the Circuit Court's oral explanation of its decision to dismiss with prejudice:

> Well, I'm going to address the Rule 48 issue first. The Estencion factors that the Court needs to address and consider.
>
> I do find that the offense is a serious offense. I find that (Inaudible). I find that the facts and circumstances of the case which led to dismissal are that Mr. Valeros was on parole for quite some time. The entire time (Inaudible) when this order was executed when the warrant came to be. And he was checking in regularly with his parole officer and had updated all his information, his address, phone number (Inaudible). That no attempts (Inaudible) were made to serve him.

2

So I find that based (Inaudible) in the interest of dismissing this matter with prejudice.

And the last factor that the Court needs to consider, the impact of the prosecution on the administration of this chapter and on the administration of justice.

You know, we have a rule to a right to speedy trial for a reason. And I considered this seriousness of the offense. But if the Court were to simply dismiss this without prejudice, it seems to me that we'd be frustrating the rule that we're trying to enforce.

I don't see any reason under the facts of this case why it's a year later, we're at A&P basically. So, you know, it's going to be another few months at least before we get to any kind of trial. And it will not be a speedy trial.

So I find that those facts -- specifically, I find that if the prosecution would be free to commence another prosecution again by the same offense, the right to speedy trial would be meaningless.

Prosecutors were (Inaudible) to commence another prosecution later have not been deterred from the undue delay.

So in this case, I am going to grant the motion, dismiss this matter on the basis of Rule 48 with prejudice.

The serious nature of the offense is undisputed by the parties. Valeros was charged with five counts of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(b) (Supp. 2023),[2] each involving charges of sexual contact with a minor less than fourteen years old. Although the Circuit Court found that "the offense is a serious offense," there is no indication as to the weight the court gave to the fact that there were multiple offenses charged, that the

---

[2] HRS § 707-732 provides, in relevant part:

> **§ 707-732 Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if the person:
> . . . .
> (b) Knowingly subjects to sexual contact a person who is less than fourteen years old or causes such a person to have sexual contact with the actor[.]
> . . . .
> (2) Sexual assault in the third degree is a class C felony.

particular statutory section charged was directed at sex crimes involving minors under the age of fourteen, and/or that each of the offenses charged were class C felonies. In sum, there was no particularized inquiry evident concerning the possible penalty, the nature of the offense, the number of charged felonies, or potential punishment. Cf. Fukuoka, 141 Hawai'i at 56-59, 404 P.3d at 322-25. There is nothing in the record to indicate what weight, if any, the Circuit Court gave to this factor.

We next consider the Circuit Court's weighing of the second Estencion factor, the facts and circumstances which led to the dismissal. The Circuit Court articulated that Valeros had been on parole for quite some time, checking in regularly, keeping his contact information up to date, but that no attempts were made to serve him. The Circuit Court did not state whether it found that the delay was caused by the State's neglect or deliberate misconduct, but it is clear that the Circuit Court found that the State caused the delay and that this factor favored dismissal with prejudice. The State noted that the warrant had been sent out by the prosecutor for service, but it is unclear why it was not served; there is no evidence of a pattern of delay. The record contains no inquiry from the court or explanation from the State for the State's delay. Although the Circuit Court's examination of this factor is minimal, based on the record before it, we cannot conclude that the Circuit Court abused its discretion in finding this factor weighed in favor of dismissal with prejudice.

The third <u>Estencion</u> factor requires consideration of the impact of reprosecution on the administration of the speedy trial rule and on the administration of justice.  63 Haw. at 269, 625 P.2d at 1044.  Concerning this factor, the Circuit Court stated "if the Court were to simply dismiss this without prejudice, . . . we'd be frustrating the rule that we're trying to enforce," and "if the prosecution would be free to commence another prosecution again by the same offense, the right to speedy trial would be meaningless."  This analysis would inherently apply in every case in which an HRPP Rule 48 violation occurred and would put a thumb on the scale in favor of dismissal with prejudice in every instance of an HRPP Rule 48 violation.  <u>Cf.</u> <u>Fukuoka</u>, 141 Hawaiʻi at 65, 404 P.3d at 331.  There is no articulation of how the right to a speedy trial would be meaningless in light of the facts and circumstances of this case.  There is no articulation of the impact of reprosecution on the administration of justice generally.  <u>Cf.</u> <u>id.</u> at 63, 404 P.3d at 329.

Moreover, a dismissal without prejudice is not meaningless.  <u>See</u> <u>United States v. Taylor</u>, 487 U.S. 326, 342 (1988) (dismissal without prejudice is not a "toothless sanction;" greater deterrent effect of dismissal with prejudice alone is not a sufficient reason to dismiss with prejudice).  While the delay was relatively lengthy, there is no evidence or

finding that Valeros's ability to defend himself was impacted by the delay and he was not in custody.[3]

The third factor of the <u>Estencion</u> test cannot be viewed in isolation from the other factors. Here, there is no indication that the Circuit Court gave any weight to the first factor, which was poorly examined. While it was not an abuse of discretion to find that the second factor weighed in favor of dismissal with prejudice, there is no evidence or finding of deliberate misconduct or repeated failures by the State, or how much weight was given to this factor with respect to the other factors. The Circuit Court's consideration of the third factor was inadequate, particularly in conjunction with the lack of any weighing of the three factors against one another.

We conclude that the Circuit Court abused its discretion by failing to properly consider and by failing to weigh all three <u>Estencion</u> factors against one another.

For these reasons, the Circuit Court's August 3, 2023 Dismissal Order is vacated, and this case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

---

[3] We recognize that a showing of prejudice toward a defendant is not a mandatory consideration. However, it is a permissible consideration that might be helpful to particularize the general concerns about the administration of the speedy trial rule to the circumstances of this case.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

DATED: Honolulu, Hawaiʻi, April 29, 2024.

On the briefs:

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Benjamin E. Lowenthal,
Andres Tobar,
Office of the Public Defender,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge