**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000691
23-MAY-2025
08:04 AM
Dkt. 57 SO**

NO. CAAP-22-0000691


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee
v. WENDELL KEITH OLIVE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000372)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

In this appeal, Defendant-Appellant Wendell Keith Olive (**Olive**) challenges the Circuit Court of the First Circuit's (**Circuit Court**)[1] approval of Plaintiff-Appellee State of Hawai'i's (**State**) "Motion for Nolle Prosequi Without Prejudice as to Defendant Olive" (**Motion for Nolle Prosequi**), where Hawai'i law did not permit the offense of first-degree Violation of

---

[1] The Honorable Clarissa Y. Malinao presided.

Privacy to be charged by Felony Information.[2]  Olive contends the nolle prosequi should have been ***with prejudice***.  We affirm.

After criminal proceedings against Olive had been ongoing since April 2021, the State filed a September 22, 2022 Motion for Nolle Prosequi, declining further prosecution and requesting that the nolle prosequi be entered without prejudice. The Circuit Court approved the motion.  No reason was supplied for the nolle prosequi request.[3]  Olive filed a motion for reconsideration, which requested, inter alia, that the Circuit Court allow Olive to be heard on whether the nolle prosequi should be with or without prejudice.  The Circuit Court's denial of reconsideration of the without-prejudice dismissal is at issue in this appeal.

Olive appeals from the Circuit Court's November 14, 2022 "Findings of Fact, Conclusions of Law, and Order Denying [Olive]'s Motion to Reconsider" (**Order Denying Reconsideration**). Olive raises two points of error, contending that:  "the prosecution failed to prosecute with due diligence"; and "this matter should have been dismissed with prejudice."

---

[2]     The April 5, 2021 Felony Information charged Olive with four counts of Violation of Privacy in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 711-1110.9(1)(a) and (b).  These offenses are classified as Class C felonies.  HRS § 711-1110.9(2) (2014 & 2018 Supp.).

HRS § 806-83 (2014 & 2017 Supp.) authorizes class C felonies to be charged by Felony Information, with exceptions; first-degree violation of privacy is one of the excepted offenses for which Felony Information charging is prohibited.

[3]     HRS § 806-56 (2014), entitled "Nolle prosequi," provides:  "No nolle prosequi shall be entered in a criminal case . . . except by consent of the court upon written motion of the prosecuting attorney stating the reasons therefor. The court may deny the motion if it deems the reasons insufficient . . . ."  While the nolle prosequi motion here was thus deficient for not "stating the reasons therefor[,]" that is not at issue in this appeal; and in any event, the record reflects that the reason for the nolle prosequi was subsequently supplied.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Olive's contentions as follows.

At the November 3, 2022 hearing on Olive's motion for reconsideration, the State clarified that it "intend[ed] to refile the charges"; it dismissed the charge because "the case need[ed] to be charged via grand jury rather than felony information"; and it "intend[ed] to set far lower bail than originally set" to avoid "penalizing [Olive] in this case because of the refiling."  The State also pointed out that Olive was "the one that has caused all of the delays in this case, not the State."  Olive argued that a dismissal without prejudice would result in further delay of his prosecution, that the delay would violate his "right to a speedy trial," and that the Circuit Court was required to consider the factors under State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981) (**Estencion factors**) in determining whether to dismiss with or without prejudice.[4]

The Circuit Court orally ruled that the Estencion factors applied to "Speedy Trial/Rule 48 violations," and these issues did not apply based on the record; and "there's not been any indication" of "a delay of prosecution due to lack of due diligence on behalf of the State or lack of prosecution."  The Circuit Court further noted that even if it were to consider the

---

[4]     A trial court must consider the following Estencion factors in determining whether to dismiss a case with or without prejudice for a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48 or speedy trial violation:  (1) "the seriousness of the offense"; (2) "the facts and the circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." Estencion, 63 Haw. at 269, 625 P.2d at 1044 (citation omitted).

3

<u>Estencion</u> factors, they weighed in favor of dismissal without prejudice, as follows:

> You know, even if this Court were to not find persuasive the factors relied by [sic] [defense counsel], the Court will point out that <u>these are four counts of Violation of Privacy in the First Degree. Each count carries a maximum imprisonment as a Class C felony of five years in prison, $10,000 fine</u>. Albeit the Court recognizes that the procedural history, as both counsels are very familiar as to the date of the alleged offenses, the procedural history, <u>no one is at fault and no one will be at fault for the COVID jury trial postponements that occurred during the duration and pendency of this case prior to the matter being dismissed by the State without prejudice</u>.
>
> . . . the Court does find as such that <u>the charges are serious</u>. And furthermore, when looking at the examination of the procedural history regarding the facts and circumstances that led to the dismissal, albeit as frustrating as Mr. Olive has expressed on record, the State has indicated that information that wasn't known at the time suddenly became known close in time to when the nolle prosequi without prejudice was filed September 22, 2022.
>
> <u>Without nothing more, the Court can't determine and cannot find that the State has acted in such a manner that would give rise to malicious prosecution</u>. And that's a high standard. <u>There needs to be something more in this record to point out that the State has acted clearly in bad faith</u>.
>
> The Court understands Mr. Olive's financial stresses, deprivation-of-freedom stresses, appointment of counsel given the numerous attorneys that have been appointed to represent him. And frankly he does believe that justice too long delayed is justice denied. . . .
>
> But the Court also finds that <u>the factors for consideration lean towards that this matter proceed on the merits of the case and that it's important that criminal prosecutions occur to be heard on merits of the case, and that is the overwhelming factor for this matter to proceed as such</u>. The initiation of prosecution, as the State has discovered, must go by way of indictment. It's their prerogative. They still have to get the indictment by a grand jury. Then the case will go through the normal process, to which Mr. Olive has described is not something that he agrees with. And that will impact him further.
>
> <u>However, in balancing all the factors, the Court finds that this motion for recon [sic] will be</u>

4

<u>respectfully denied</u> and that the nolle prosequi for -- <u>without prejudice</u> shall be correctly noted as ex parte motion. And that <u>shall remain standing.</u>

(Emphases added.)

The Circuit Court's subsequently filed Order Denying Reconsideration stated:  Olive "relies upon *State v. Estencion* . . . in his arguments" but "[t]he framework of *Estencion* and its progeny are directed towards speedy trial and HRPP Rule 48 violations"; "the charges are serious"; "the procedural history did not involve any continuances requested by the State"; the State moved to nolle prosequi "close in time to becoming aware that the initiation of prosecution need[ed] to proceed via Indictment"; "[t]he Court [could not] find that the State acted in bad faith or a manner that would rise to malicious prosecution"; and "the *Estencion* factors weigh in favor of this case being heard on its merits."

We review a court's decision to dismiss a case with or without prejudice for an abuse of discretion. <u>See</u> <u>State v. Moriwake</u>, 65 Haw. 47, 57, 647 P.2d 705, 713 (1982) (reviewing for abuse of discretion, where the trial court dismissed the indictment with prejudice).

Here, the Circuit Court also noted that it could analyze dismissal with or without prejudice on "other bases" such as "*State v. Moriwaki*" [sic] and "*State v. Mageo*," under which "the Court balances the interest of the State against fundamental fairness to the defendant with the added ingredient of the orderly function of the Court system."[5]  It does not

---

[5]     <u>State v. Mageo</u>, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995), applied the following framework from <u>Moriwake</u>, circumscribing the parameters of "[a] trial court's exercise of its inherent power to dismiss a criminal case with prejudice" as "a balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" (**Mageo**/**Moriwake framework**). (Cleaned up.)

appear that the Circuit Court applied the Mageo/Moriwake framework, and neither party addresses whether this framework should have been applied here.  The Circuit Court acknowledged that Estencion did not apply, but apparently applied those factors on an arguendo basis; Olive does not challenge the Circuit Court's arguendo application of the Estencion factors.

While it is not clear whether the applicable law for dismissals with or without prejudice applies when reviewing whether a nolle prosequi should be with or without prejudice, the parties do not question its application in this case.  We need not address this issue, as we are able to resolve this appeal by confining our review to the argument and authority Olive relies on in his Opening Brief.

First, Olive relies on a quote from State v. Baron, 80 Hawaiʻi 107, 905 P.2d 613 (1995), that the "prosecutor has the responsibility" to ensure that "the defendant is accorded procedural justice," to argue that the State failed to exercise "due diligence when filing an information charge . . . that violated the [HRS]"; when it "had Olive incarcerated for 3 days before he was able to . . . secure a bail bond"; and "when it subjected Olive to over 16 months of criminal litigation before moving to dismiss without prejudice[.]"  Olive cites Mageo as the source of the "due diligence" standard, which states that "[i]n criminal cases, 'the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent.'"  Mageo, 78 Hawaiʻi at 37, 889 P.2d at 1096 (cleaned up) (quoting Estencion, 63 Haw. at 268, 625 P.2d at 1043).  Second, Olive argues, again citing Mageo, that a trial court exercising its "inherent power to dismiss a charge with or without prejudice for the failure to prosecute with due diligence . . . must clearly articulate the reasons for its

decision" to enable appellate review for the proper exercise of its discretion.

Regarding his first argument, Olive does not point to any authority that equates what appears to be an inadvertent charging error, to a lack of due diligence warranting a nolle prosequi with prejudice. The Circuit Court's findings that the State did not act in "bad faith" or in a "malicious" manner are not challenged on appeal. Olive's three-day incarceration prior to posting bond and going through "16 months of criminal litigation" are not atypical for a criminal felony prosecution, in light of the "COVID jury trial postponements" and "numerous" court-appointed counsels for Olive that the Circuit Court noted in its ruling. These circumstances argued by Olive do not establish a failure to prosecute with due diligence requiring a nolle prosequi with prejudice.

Regarding Olive's second argument, the Circuit Court sufficiently articulated its reasons to reaffirm the nolle prosequi without prejudice, orally and in its subsequently filed order. The Circuit Court noted that the four Class C felony charges against Olive were "serious"; that "no one [was] at fault . . . for the COVID jury trial postponements that occurred" before the case was nolle prosequied; that it did not find there was "malicious prosecution" or that the State acted "in bad faith"; acknowledged Olive's "financial stresses, deprivation-of—freedom stresses"; and also noted that "numerous attorneys" had "been appointed to represent [Olive]."

On this record, we conclude the Circuit Court did not abuse its discretion in granting the Motion for Nolle Prosequi without prejudice. See <u>Moriwake</u>, 65 Haw. at 57, 647 P.2d at 713.

For the foregoing reasons, we affirm the November 14, 2022 Order Denying Reconsideration, filed by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, May 23, 2025.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge