**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000281**
**30-MAR-2026**
**08:04 AM**
**Dkt. 55 SO**

NO. CAAP-24-0000281

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
KELEIONALANI TAYLOR, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-23-0000279)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the Family Court of the First Circuit's (**family court**) March 7, 2024 "Order Granting Defendant[-Appellee] Keleionalani Taylor's [(**Taylor**)] Motion to Dismiss, Filed February 6, 2024" (**Dismissal Order**).[1]

---

[1] The Honorable Jordon J. Kimura presided.

On March 31, 2023, the State charged Taylor by Complaint with four counts of Custodial Interference in the Second Degree, in violation of Hawaii Revised Statutes § 707-727(1)(a) (2014).  In February 2024, Taylor moved to dismiss the Complaint with prejudice, alleging violation of her right to a speedy trial pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48.  The family court heard Taylor's motion to dismiss, and entered its Dismissal Order, which dismissed the Complaint with prejudice.

On appeal, the State raises a single point of error, contending that the family court abused its discretion by dismissing the State's prosecution with prejudice rather than without prejudice.[2]  Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's contention of error as follows.

We review a trial court's decision to dismiss a case with or without prejudice for abuse of discretion.  State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017).  As the Hawaiʻi Supreme Court has instructed,

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors:  the seriousness of the offense; the

_____

[2]     The State does not challenge the family court's dismissal of the prosecution as untimely pursuant to HRPP Rule 48(b).

facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice[ (**Estencion factors**)].

. . . .

**In analyzing whether to dismiss a case with or without prejudice under HRPP Rule 48 and Estencion, the trial court must "clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.** Accordingly, **the court must explain the effect of the Estencion factors on its reasoning to dismiss a charge with or without prejudice.** The court is not required, however, to make a determination as to whether each individual factor weighs in favor of dismissal with or without prejudice.

**The trial court must therefore provide an "explanation of its consideration of the Estencion factors[,]" and any other factors it considered, "and the basis for its decision."**

Id. at 55-56, 404 P.3d at 321-22 (emphasis added) (cleaned up) (citing State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).

Here, the record reflects that, in dismissing the State's prosecution with prejudice, the family court did not provide any "explanation of its consideration of the Estencion factors, and any other factors it considered, and the basis for its decision." See id. at 56, 404 P.3d at 322 (cleaned up). Absent the family court's articulation of the basis for its ruling, we are unable to meaningfully review whether the family court abused its discretion.

We therefore vacate the Dismissal Order, and instruct the family court, on remand, to make appropriate findings of

fact and conclusions of law that demonstrate its consideration of the Estencion factors, and the basis for its decision.

DATED: Honolulu, Hawai'i, March 30, 2026.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Mark S. Kawata,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge