Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000337
27-JUN-2022
07:55 AM
Dkt. 49 SO

NO. CAAP-19-0000337

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
TROY A. SOLOMON, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-19-0000071)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the Order Dismiss[ing] with Prejudice (**Dismissal Order)**, entered on March 13, 2019, in the Family Court of the First Circuit (**Family Court**).[1]  The Family Court dismissed the January 22, 2019 Complaint charging Defendant-Appellee Troy A. Solomon (**Solomon**) with Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (9) Supp. 2018).[2]

---

[1]    The Honorable Naʻunanikinaʻu A. Kamaliʻi presided.

[2]    At the time of the alleged offense in 2019, HRS § 709-906 stated, in relevant part:

> **Abuse of family or household member; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member. . . .
>
> For purposes of this section:
>
> . . . .

(continued...)

On appeal, the State contends that: (1) the Family Court abused its discretion in dismissing the Complaint with prejudice based on the factors stated in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981); (2) assuming *arguendo* that the Estencion factors apply to a dismissal at the preliminary hearing stage, the Family Court incorrectly applied them; and (3) the Family Court erred when it found that the State did not prove the complaining witness's (**CW**) unavailability under a "probable cause" standard.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we conclude that the Family Court abused its discretion in dismissing the Complaint with prejudice.

"The use of a trial court's inherent power to dismiss a criminal charge with prejudice is reviewed for abuse of discretion." State v. Kapalski, No. CAAP-17-0000130, 2019 WL 2417753, at *5 (Haw. App. June 10, 2019) (mem.) (citing State v. Kostron, No. 30217, 2012 WL 4478586, at *2 (Haw. App. Sept. 28, 2012) (SDO)). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Id. (quoting State v. Plichta, 116 Hawai'i 200, 214, 172 P.3d 512, 526 (2007)).

---

[2/] (...continued)

"Family or household member":

(a)     Means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit[.]

. . . .

(9) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

On March 7, 2019, the Family Court held a preliminary hearing in this case.[3] During the hearing, the State attempted to establish CW's unavailability pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 5(c)(6).[4] The State asserted that Justin Endo (**Endo**) and Blaise Atabay (**Atabay**), investigators for the prosecutor's office, would "testify that they were unable to serve [CW]; that she's uncooperative; . . . that she is essentially evading service." Endo and Atabay then testified as to their unsuccessful efforts to serve CW. Following their testimony, the State "move[d] for unavailability of [CW]." The Family Court denied the motion, stating in part:

> Court listened very carefully to all of the efforts of the Prosecutor's Office to investigate this case and to go to [CW's] house and to serve her with the subpoena. . . . I heard that multiple phone calls were made. But I didn't hear any testimony as to why she may not be there. . . .
>
> So I'm not -- do not find that there is probable cause to at least sustain your assertion that she was unavailable. So I am ruling in favor of the defense in this matter. I think the prosecution can make greater efforts to serve [CW], in which case she would be here. And you could make that argument, but I don't find that those efforts were made by your investigators.

The Family Court then granted the State's request to continue the preliminary hearing.

On March 13, 2019, the parties appeared for the continued preliminary hearing and the State requested a further continuance. The State explained in part that the prosecutor's office investigators spent about four hours at the residence, but "[u]nfortunately no one answered, and the investigators were unable to serve the [CW] despite the efforts made." Solomon asked the Family Court to dismiss the case, but deferred to the

---

[3] The preliminary hearing was initially set for February 14, 2019; however, Solomon did not appear. A bench warrant was issued and bail was set at $50,000. On March 1, 2019, a hearing was held to address Solomon's motion to set aside issuance of the bench warrant and to reinstate bail. At that time, the State indicated it was ready to proceed with the preliminary hearing, but the court set the hearing for March 7, 2019. The Honorable Linda S. Martell presided over the February 14, 2019 and March 1, 2019 proceedings.

[4] HRPP Rule 5(c)(6) states, in relevant part: "The finding of probable cause may be based in whole or in part upon hearsay evidence when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge."

court whether to dismiss with or without prejudice.  The Family Court stated:

> There's been a significant amount of time, and it's been the Court's concern.  I'm not the first judge to hear this motion to continue.  Judge Martell also granted a motion to continue.
>
> So at this time the Court does not find good cause to continue the matter.

Following arguments concerning whether the dismissal should be with or without prejudice, the Family Court dismissed the case with prejudice, stating:

> As to the Estencion factors, yes, the Court can see that with regard to the charge of Abuse of Household Member, this is being a preliminary hearing as a felony.  The State has put great effort into trying to locate their . . . witness.  And I also take note, counsel, how long this matter has taken, the number of continuances as well, and the State's inability to produce the witness.
>
> But also at the . . . same time, with the passage of time, the Court is to look at the -- you know, the evidence and the prejudice to defendant.  The number of times that he has come to court.  Granted, you've been subpoenaed a couple of times and there's -- not subpoenaed, but you've been bench warranted to be here.  There are other matters that are pending that aren't related to this.
>
> But at this time, based on the factors, I am going to dismiss it with prejudice.

The State contends that the Family Court "abused its discretion when it erroneously applied the Esten[c]ion factors to a dismissal at the preliminary hearing stage before HRPP Rule 48 expired."  The State does not argue that dismissal was unwarranted; rather, the State argues that "the court should have dismissed this case without prejudice."

In response, Solomon contends that the "oral order dismissing the Complaint with prejudice is vague and confusing, and its written order lacks specificity[.]"  (Formatting altered.)  Solomon argues that "the case must be remanded for clarification in order to allow the appellate court 'to engage in a conscientious appellate review.[']"

The Family Court's oral ruling dismissing the Complaint is not a model of clarity.  However, it appears that the Family Court dismissed the Complaint due to the amount of time that had

passed, the State's inability to produce CW, and previous continuances.  It is undisputed that HRPP Rule 48 was not violated.  We thus view the Family Court's dismissal with prejudice as an exercise of its inherent power to "administer justice."  State v. Moriwake, 65 Haw. 47, 55, 647 P.2d 705, 712 (1982); accord State v. Alvey, 67 Haw. 49, 57, 678 P.2d 5, 10 (1984) (holding that the trial court has inherent power to dismiss a criminal charge with prejudice under certain circumstances).

The Family Court's power in this respect "is not unbounded."  Kapalski, 2019 WL 2417753, at *6.  "The court must balance the interests of the state against fundamental fairness to the defendant, with the added ingredient of the orderly functioning of the court system."  Id. (citing Moriwake, 65 Hawaiʻi at 55-56, 647 P.2d at 712).  "For example, the court acts within its discretion when dismissing charges after two mistrials," but "abuses that discretion when dismissing prior to the first trial for comity or judicial economy absent a due process violation or misconduct that represents a serious threat to the integrity of the judicial process."  Id. (comparing Moriwake, 65 Hawaiʻi at 57, 647 P.2d at 713 with Alvey, 67 Haw. at 57, 678 P.2d at 10-11).  Similarly, "[t]he court acts within its discretion when it dismisses after more than two years of failure to prosecute and errors in charges, but abuses that discretion when dismissing merely because the [deputy prosecuting attorney] had not personally spoken to the complainant."  Id. (comparing Kostron, 2012 WL 4478586, at *2-3 with State v. Correa, 124 Hawaiʻi 179, 185, 238 P.3d 706, 712 (App. 2010)).

Here, the Family Court did not issue written factual findings supporting the Dismissal Order.  Nonetheless, the record is sufficient for this court to make a determination of whether the Family Court abused its discretion in dismissing the Complaint with prejudice.  See Kapalski, 2019 WL 2417753, at *7 (citing State v. Hern, 133 Hawaiʻi 59, 64-65, 323 P.3d 1241, 1246-47 (App. 2013)); State v. Marquez, No. CAAP-19-0000466, 2021 WL 840910, at *2 (Haw. App. Mar. 5, 2021) (SDO).  Specifically, the Family court stated on the record that it was dismissing the

5

charges because of the amount of time that had passed (roughly seven weeks from the filing of the Complaint), the State had been unable to produce CW within that time (despite "great effort" by the State), and previous continuances (only one of which was at the State's request).  There was no mention or suggestion, and we find no evidence in the record, of a due process violation or any misconduct representing a serious threat to the integrity of the judicial process.

On this record, we conclude that the Family Court abused its discretion in dismissing the Complaint with prejudice. Given our conclusion, we do not reach the State's remaining contentions.

For the reasons discussed above, we vacate the Order Dismiss[ing] with Prejudice, entered on March 13, 2019, in the Family Court of the First Circuit, and remand the case with instructions to dismiss the Complaint without prejudice.

DATED:  Honolulu, Hawaiʻi, June 27, 2022.

On the briefs:

Chad M. Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge