**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000040
24-JAN-2023
07:56 AM
Dkt. 49 SO**

NO. CAAP-21-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOY BARUA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-18-02991)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Joy Barua (**Barua**) appeals from the December 29, 2020 Findings of Fact [(**FOFs**)] and Order Granting Motion to Dismiss Without Prejudice for Lack of Prosecution (**Dismissal Order**) entered by the Honolulu Division of the District Court of the First Circuit (**District Court**).[1]  This is Barua's second appeal from the dismissal without prejudice of the charge against him.

---

[1]  The Honorable Kenneth J. Shimozono (**Judge Shimozono**) entered the Dismissal Order.

On August 26, 2018, Barua was arrested, and on September 14, 2018, Barua was charged via Complaint with one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (3) (Supp. 2017) (**OVUII**). On February 14, 2019, the OVUII charge against Barua was dismissed for lack of prosecution.

In Barua's first appeal, CAAP-19-0000180, Barua argued that the District Court made inadequate findings to support the dismissal without prejudice and that the case against him should be dismissed with prejudice without a remand for further findings. The State of Hawaiʻi (**State**) agreed that the District Court's findings were inadequate, but argued that Barua's failure to order more than a single transcript from the District Court proceedings rendered the record on appeal inadequate for meaningful review of the District Court's exercise of its discretion. This court concluded that the record was inadequate for meaningful review of the District Court's exercise of its discretion. The District Court's initial judgment of dismissal was vacated and the case was remanded for the District Court to enter findings to support its decision or for further proceedings consistent with this court's Summary Disposition Order in CAAP-19-0000180.

On remand, the District Court entered the Dismissal Order. The dismissal of the charge against Barua was based on

the State's lack of prosecution for failing, at multiple hearings, to present witnesses to challenge the allegations of constitutional violations raised in Barua's November 6, 2018 motions to suppress (collectively, **Motion to Suppress**).  The District Court's exercise of its discretion to dismiss without prejudice was based on the court's findings that Barua "shares responsibility" for the delay in the prompt disposition of the Motion to Suppress because, although counsel appeared on his behalf, Barua did not appear at three of the hearings on his Motion to Suppress.

Barua raises two points of error in this appeal, contending that:  (1) either the District Court should have dismissed the case with prejudice or the District Court failed to enter accurate and fair findings in support of the dismissal without prejudice; and (2) the District Court erred in refusing to issue FOFs or conclusions of law (**COLs**) as to why Barua could not waive his right to be present for the suppression hearings in this case.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve Barua's points of error as follows:

(1)  Barua includes multiple arguments in support of his first point of error.  In sum, he challenges various of the

District Court's FOFs, alleged omissions from the FOFs, and the District Court's conclusion that Barua contributed to the delay because the suppression hearings would not have commenced without his physical presence.

Barua argues that he did not move for dismissal, as is noted in the Dismissal Order. This contention is not supported by the record. At the February 14, 2019 hearing, Barua's counsel stated, "you should grant the motion to suppress and/or dismiss the case."

Barua argues that the District Court clearly erred in certain FOFs concerning the hearings on the Motion to Suppress. For clarity, these issues are addressed in the following context.

Upon review of the transcripts of proceedings, it is clear that on October 22, 2018, the Honorable Darolyn Lendio Heim set a suppression hearing for November 15, 2018. While there was some confusion about that at the November 5, 2018 hearing before the Honorable Sherri-Ann L. Iha, Judge Iha stated that the court was "not vacating anything," in response to defense counsel's request not to vacate the November 15, 2018 hearing date.

A hearing was held before the Honorable William M. Domingo on November 15, 2018, which both parties and the court treated as a hearing on the Motion to Suppress, as well as Barua's motions to compel discovery. The State was not ready to proceed on the Motion to Suppress. The State acknowledged that it had made a mistake in not sending out any subpoenas for the

Motion to Suppress.  On that basis, Judge Domingo reset the hearing on the Motion to Suppress to December 6, 2018.  Although it was stated on the record that Barua was not present (pursuant to a Hawaii Rules of Penal Procedure (**HRPP**) Rule [43] waiver), Judge Domingo's only statement in response was "[a]ll right," Barua's absence was not referenced as a reason for delay, and Judge Domingo confirmed, with no objection from the State, that "we'll charge everything to the State."

A hearing was held on December 6, 2018, before Judge Iha.  The transcript does not reflect Barua's presence at the hearing; however, Barua's absence was neither the basis for further delay nor commented on in any way.  The hearing primarily addressed outstanding discovery materials from the State.  While the exchange between the parties and the court was a bit terse, Judge Iha ultimately stated, "Well, we're not going to do the hearings on the motion to suppress (indiscernible) continue this to [January] 9th?"  Barua had sought to get the outstanding discovery materials before the suppression hearing without the suppression hearing delaying the January 9th trial date.  Judge Iha converted the January 9th trial date to a hearings on motions date and said that a new trial date would be set that day.

The January 9, 2019 hearing was held before Judge Shimozono.  Corporation Counsel appeared on behalf of the Honolulu Police Department's (**HPD's**) Communications Division, as well as its Central Receiving Division, and requested at least an

additional week extension to get responsive records to Barua. Judge Shimozono indicated that the court would grant HPD additional time, setting a January 16, 2019 deadline for HPD, and set a trial date. Barua noted that they were set for hearing on the Motion to Suppress and that, again, the State did not subpoena its witnesses for the hearing. The State confirmed that no officers were subpoenaed. After considerable back-and-forth regarding who would be charged with what time for HRPP Rule 48 purposes (and no decision being made on that issue), a further hearing was set on February 7, 2019, on the Motion to Suppress, and no trial date was set. Again, the hearing transcript does not reflect Barua's presence at the hearing; however, Barua's absence was neither the basis for further delay nor commented on in any way.

The February 7, 2019 hearing was held before Judge Shimozono. Defense counsel noted that he wished to waive Barua's presence at the hearing. After some discussion of materials that had still not been produced by HPD, defense counsel represented to the court that the State was not ready to proceed on the Motion to Suppress and asked that the Motion to Suppress be granted. At that point, Judge Shimozono noted that the Motion to Suppress was an evidentiary hearing and that Barua was not present. Defense counsel stated that they "had been proceeding under [an HRPP] Rule 43 waiver." The District Court informed defense counsel that it was not waiving the defendant's presence

and, although noting that the State was not ready on the Motion to Suppress, the defendant did not have prior permission to be excused from the hearing. When asked the basis for not waiving the defendant's presence, the District Court stated that it was evidentiary, "[a]nd the court requires the defendant to be here, just like the trial if it's evidentiary." The District Court denied the defense's request for FOFs and COLs as to why the court was requiring the defendant's presence. After confirming with the State that it could be ready in a week, the District Court reset the hearing on the Motion to Suppress to February 14, 2019, as well as the discovery status and motions to compel.

The February 14, 2019 hearing was held before Judge Shimozono. Barua was present in the courtroom. The State informed the District Court that the State was not ready to proceed on the Motion to Suppress. The parties and the court reviewed and confirmed that there were four hearings on the Motion to Suppress where the State was not ready to proceed, November 15, 2018, January 9, 2019, February 7, 2019, and February 14, 2019. The District Court orally ruled:

> THE COURT: Okay. So one, two, three, four. Okay. So what I'm going to do is I'm going to deny the State's request to continue this for APT and motions. I'm going to grant the defense motion to dismiss. I'm going to dismiss it without prejudice.

To the extent that the FOFs in the Dismissal Order are inconsistent with the above, we are left with a definite and firm conviction that a mistake has been made and they are clearly

erroneous.  As discussed above, Judge Lendio Heim set November 15, 2018, for a hearing on the Motion to Suppress and the State was not ready to proceed on that day.  Thus, there were four, not three dates where the Motion to Suppress was set for hearing and the State was not ready to proceed.[2]  The record does not support an implied finding that the December 6, 2018 hearing on the Motion to Suppress was continued because Barua was not present.[3]

We conclude that the District Court (Judge Shimozono presiding) abused its discretion when it grounded its decision to dismiss the charges against Barua without prejudice on Barua's absence at the November 15, 2018 hearing before Judge Domingo, the December 6, 2018 hearing before Judge Iha, and after-the-fact, the January 9, 2019 hearing before Judge Shimozono.

We recognize that HRPP Rule 43 generally requires a defendant's presence at pre-trial evidentiary hearings.[4]

---

[2]    At the February 14, 2019 hearing, the District Court recognized the State's lack of readiness at four hearings, but in the Dismissal Order, the District Court found that the State was not ready at three hearings.  In the State's appellate brief, the State references its four failures to be ready to proceed on the Motion to Suppress, while arguing that the Dismissal Order should be affirmed.

[3]    The Dismissal Order states, in paragraph 13.b., that "[t]he State was ready to proceed on December 6, 2018, but the Defendant was not present."

[4]    HRPP Rule 43 provides in part:

> **Rule 43.  PRESENCE OF THE DEFENDANT.**
>     (a)  Presence required.  The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.
>     **(b)  Continued presence not required.**  The further progress of a pretrial evidentiary hearing or of the trial to and including the return of the verdict shall not be
>                                                     (continued...)

However, the same rule permits a court to conduct an evidentiary pretrial hearing in the defendant's absence when the defendant's counsel orally represents that the defendant consents to the conduct of the hearing in the defendant's absence. HRPP Rule 43(d)(1). Without commenting on Judge Shimozono's decision not to rule on the Motion to Suppress on February 7, 2019, due to Barua's absence from the courtroom on that date, neither Judge Shimozono nor the State cite any rule or case law authority for Judge Shimozono's determination that Judges Domingo and Iha would not have been able to proceed in Barua's absence, and we find none. In other words, there is no support in the law (or the record in this case) for Judge Shimozono's after-the-fact ruling

---

[4](...continued)
prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
(1) is voluntarily absent after the hearing or trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial); or
(2) engages in conduct which is such as to justify exclusion from the courtroom.
**(c) Presence not required.** A defendant need not be present either physically or by video conference if:
(1) the defendant is a corporation and appears by counsel; or
(2) the proceeding is a conference or argument upon a question of law; or
(3) the proceeding is a reduction of sentence under Rule 35.
**(d) Presence may be waived for non-felony offenses.** In prosecutions for offenses other than a felony, the court may:
(1) conduct an arraignment, wherein a plea of not guilty is accepted, or **conduct an evidentiary pretrial hearing in the defendant's absence**, provided the defendant consents in writing or the defendant's counsel orally represents that the defendant consents.

(Emphasis added).

on whether the other judges could have proceeded to hearing if the State had been ready.

The only other supporting ground stated for the District Court's decision to dismiss without prejudice was Barua's absence at the February 7, 2019 hearing, at which the State was not prepared to go forward.[5]  Assuming that there was no abuse of discretion in the District Court's refusal to proceed in Barua's absence under the circumstances of this case, it is undisputed that the State was unable to proceed with an evidentiary proceeding on that date, and any delay resulting in part from Barua's absence was only one week.

In Barua's previous appeal, this court explained:

> "In criminal cases, 'the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent.'" State v. Mageo, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995) (emphasis and brackets omitted) (quoting State v. Estencion, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981)).  A trial court has the inherent power to dismiss a charge with or without prejudice for the failure to prosecute with due diligence, but must clearly articulate the reasons for its decision so that a reviewing court may accurately assess whether the trial court duly exercised its discretion.  See id. at 37-38, 889 P.2d at 1096-97 (trial courts exercising their inherent power to dismiss a criminal case with prejudice should set forth their reasons for doing so); State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 ([App.] 2013) (in determining whether to dismiss a charge with or without prejudice under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48(b), the trial court must "clearly articulate the effect of the . . . factors [set forth in Estencion, 63 Haw. at 269, 625 P.2d at 1044] and any other factor it considered in rendering its decision").  When issuing its findings, the trial court should consider the appropriate factors depending upon the grounds for dismissal.  Compare Mageo, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97 (dismissal with or without prejudice for

---

[5]      The parties have not argued, and we do not reach the issue of, whether it is necessary for a defendant to be present pursuant to HRPP Rule 43, absent a waiver, when no evidentiary hearing could be held due to the State's inability to meet its burden to present witnesses to challenge the allegations of constitutional violations raised in a motion to suppress.

> want of prosecution requires "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" (quoting <u>State v. Moriwake</u>, 65 Haw. 47, 56, 647 P.2d 705, 712 (1982)) (bracket omitted)), <u>with</u> <u>Estencion</u>, 63 Haw. at 269, 625 P.2d at 1044 (dismissal with or without prejudice for violation of HRPP Rule 48 requires consideration of: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

<u>State v. Barua</u>, No. CAAP-19-0000180, 2020 WL 3497648 at \*2-\*3 (Haw. App. June 29, 2020) (SDO).

As noted, <u>Mageo</u> held that dismissal with or without prejudice for want of prosecution requires "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." <u>Mageo</u>, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97 (citation and brackets omitted).

Here, although not citing <u>Mageo</u>, it appears that the District Court applied the <u>Mageo</u> balancing test in FOFs 13(d), (e), and (f):

> d. The State has an interest in prosecuting criminal offenses and imposing sanctions for criminal conduct. That is clearly outweighed by the State's failure to diligently prosecute this case in a timely manner and the orderly functioning of the court system. While the State was ready to proceed on the motions to suppress on one occasion (December 6, 2018), the State offered no justifiable explanation for its failure to subpoena witnesses on two separate occasions (January 9, 2019 and February 14, 2019). In addition, the State was not ready to proceed on February 7, 2019, because a police officer did not appear at court to testify.
>
> e. Fundamental fairness to the Defendant requires that Defendant's motions be heard and resolved in a timely manner so that the case may [] proceed to trial. However, Defendant has an obligation to be physically present for evidentiary hearings pursuant to HRPP 43(a). On three of the four dates set for hearing on the motions to suppress, Defendant was not present and

11

did not receive the Court's permission to waive his appearance. Therefore, Defendant's repeated failures to appear would have prevented the hearings from proceeding as scheduled and Defendant shares responsibility in this case for the delay in the prompt disposition of his motions to suppress. Both the State and Defendant thereby failed to assist in the orderly functioning of the court in this case.

f.      In balancing the interest of the State against the fundamental fairness to the defendant, with consideration to the orderly functioning of the court system, the court finds shared culpability in the delay in the prompt disposition of the motions to suppress in this case, with no explanation from the State for their lack of diligence in issuing subpoenas for its witnesses on two separate occasions, or from Defendant for his failure to appear on multiple (three) occasions for his evidentiary hearings. Therefore, dismissal without prejudice in this case is warranted insofar as it promotes the orderly and prompt disposition of criminal cases, while not rewarding Defendant's failures to appear by barring any further proceedings in the case should the State decide to refile the charges.

However, the District Court assessed in FOF 13(e) and (f) that the Defendant bore "shared culpability" and "shared responsibility" for the delay based on "Defendant's repeated failures to appear" that "would have prevented the hearings from proceeding as scheduled," even though no evidence could have been presented, even if Barua had been in attendance. This assessment clearly exceeds the bounds of reason and constitutes a manifest abuse of discretion. The District Court's mixed FOF/COL in FOF 13(f) was clearly erroneous to the extent that it relied on Barua's absence as the cause for delay impacting the orderly court functioning in this case.[6]

---

[6]     The District Court also analyzed the Estencion factors that must be analyzed when there is a dismissal based on HRPP Rule 48. However, there was no dismissal based on HRPP Rule 48 in this case, and therefore, we need not address the District Court's Estencion analysis. We note, however, the District Court stated that it "finds that while there were delays attributable
(continued...)

Thus, we conclude that the District Court failed to duly exercise its discretion in dismissing the charge against Barua without prejudice. This court has previously held that even if a trial court's findings are insufficient to support its decision to dismiss a case with or without prejudice, where the record is sufficient for the appellate court to make a determination of whether the trial court abused its discretion, the appellate court may elect, at its option, to resolve the appeal on the merits. State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013), abrogated on other grounds by State v. Nicol, 140 Hawaiʻi 482, 494 n.12, 403 P.3d 259, 271 n.12 (2017). Under the circumstances of this case, where this issue is on appeal for the second time after remanding to the District Court to set forth sufficient findings, we conclude that it is appropriate to resolve the appeal on its merits, rather than to remand the case to the District Court.

For the reasons set forth above, the District Court's December 29, 2020 Dismissal Order, which dismissed the charge against Barua without prejudice, is reversed and prejudice is

---

[6](...continued)
to both the State and defendant in resolving the pending motions to suppress, HRPP Rule 48 has not been violated as of the date of dismissal." There are no findings to support a conclusion that HRPP Rule 48 had not been violated, a long-established requirement in this jurisdiction. See, e.g., State v. Hutch, 75 Haw. 307, 331, 861 P.2d 11, 23 (1993) (holding that both trial courts committed reversible error in denying defendant's HRPP Rule 48 motions without stating their "essential findings on the record" in accordance with HRPP Rule 12(e)).

hereby attached to the dismissal.  In light of this conclusion, we need not reach Barua's second point of error.

DATED: Honolulu, Hawaiʻi, January 24, 2023.

On the briefs:

Richard L. Holcomb,
(Holcomb Law, LLLC),
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge