**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000197**
**26-FEB-2024**
**07:51 AM**
**Dkt. 107 SO**

NO. CAAP-23-0000197

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RYAN SAFFEELS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000259(2))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Ryan Saffeels (**Saffeels**) appeals from the February 28, 2023 Judgment; Conviction and Sentence; Notice of Entry (**Judgment**) entered in the Circuit Court of the Second Circuit[1] (**Circuit Court**), convicting him of three counts of Third Degree Sexual Assault, in violation of Hawaii Revised Statutes (**HRS**) § 707-732 (2014).[2]

---

[1]    The Honorable Peter T. Cahill presided.

[2]    HRS § 707-732(1) provides, in part:

> **§ 707-732 Sexual assault in the third degree.**
> (1) A person commits the offense of sexual assault in the third degree if:
>
>> (b)    The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

Saffeels raises two points of error on appeal, contending that the Circuit Court erred in denying his October 3, 2022 motion to dismiss the charges (**Motion to Dismiss**) for failure to commence trial within 180 days of the indictment, in violation of his right to a speedy trial under (1) Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 and (2) the United States and Hawaiʻi Constitutions.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Saffeels's points of error as follows:.

HRPP Rule 48(b) provides:

> **(b) By court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months[.]

"HRPP Rule 48 is intended to ensure an accused a speedy trial, which is separate and distinct from [the] constitutional protection to a speedy trial." State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017) (citation & quotation marks omitted). "The six-month period under HRPP Rule 48 is equivalent to 180 days." State v. Hernane, 145 Hawaiʻi 444, 450, 454 P.3d 385, 391 (2019). HRPP Rule 48(c) identifies certain periods of delay that are not chargeable against Plaintiff-Appellee State of Hawaiʻi (**State**), and which "shall be excluded in computing the time for trial commencement."

Though Saffeels was indicted on June 8, 2020, it is undisputed that he consistently waived his right to a speedy

2

trial until December 20, 2021, while pursuing plea negotiations. The parties dispute, among other things, whether each of the subsequent trial delays are "excluded" from the 180-day calculation under HRPP Rule 48, or are chargeable to the State. In particular, the parties dispute whether a State-requested trial continuance from March 30, 2022, to August 29, 2022, granted over Saffeels's objection, and based on the unavailability of a witness who was a minor (**Minor Witness**), is excluded. The parties also disagree whether the length of that particular trial delay should be measured starting on the date the continuance was granted, which would amount to 158 days, or on the date the trial was originally scheduled, which would amount to 152 days. Nonetheless, it appears the parties otherwise agree that a minimum of 109 other days are chargeable to the State. Thus, whether the length of the particular continuance for the Minor Witness is 152 or 158 days, if it is also chargeable to the State, the total chargeable days would necessarily exceed 180.

HRPP Rule 48(c)(4)(i) excludes from computation delays caused by the State's continuance due to the unavailability of material evidence, under specific circumstances, as follows:

> **(c) Excluded periods.** The following periods shall be excluded in computing the time for trial commencement:
> . . . .
>
> (4) periods that delay the commencement of trial and are **caused by a continuance granted at the request of the prosecutor if**:
>
> (i) the continuance is granted because of the unavailability of **evidence material** to the prosecution's case, **when the prosecutor has exercised due diligence to obtain such evidence** and there are

> reasonable grounds to believe that such evidence will be available at a later date[.]

(Emphasis added).

The use of the conjunctive "and" in subsection (c)(4)(i) indicates the elements of due diligence and reasonable belief as to subsequent availability must both be satisfied. See State v. Crouser, 81 Hawaiʻi 5, 11, 911 P.2d 725, 731 (1996) (holding that, where the elements of a statute are "set out in the conjunctive, rather than the disjunctive," the other side need only disprove one element to defeat it).

It appears that the Minor Witness is the son of a woman Saffeels lived with while the case was pending, and that he was present, though perhaps not awake, at the time the incident took place. At the March 24, 2022 hearing where the State requested the continuance, Saffeels indicated that the Minor Witness had been sent to live with his brother in Texas three weeks prior, due to issues at school, and he would return to Oʻahu in August of that year. Thus, there were reasonable grounds to believe the Minor Witness could testify at a later date, which satisfies the element of subsequent availability. However, at the October 27, 2022 hearing on the Motion to Dismiss, the Circuit Court indicated that the State failed to "exercise due diligence" in procuring the Minor Witness's testimony, as it admitted to having "rushed" a separate subpoena for the Minor Witness just one week before scheduled trial—and only after it realized the subpoena did not previously "go out with the rest of" the trial subpoenas a month prior—and the circumstances did "not excuse" the State's failure to "get the subpoena out earlier." Moreover, it appears

the State did not end up calling Minor Witness to testify at the subsequent trial. Thus, it is dubious, at best, whether the delay was due to the "unavailability of evidence **material** to the prosecution's case," to satisfy the elements for exclusion in HRPP Rule 48(c)(4)(i). (Emphasis added).

We thus conclude that the delay caused by the State's continuance to secure the testimony of Minor Witness should be charged to the State, and that at least 180 days chargeable to the State had elapsed at the time Saffeels moved for dismissal. Therefore, the Circuit Court erred in denying the Motion to Dismiss. In light of this conclusion, we need not reach any of the parties' other arguments, nor do we reach Saffeels's second point of error, that the State violated his constitutional right to a speedy trial. Rees v. Carlisle, 113 Hawaiʻi 446, 456, 153 P.3d 1131, 1141 (2007) ("[J]udicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

As to whether Saffeels is entitled to a dismissal of the charges with or without prejudice, this determination should be made by the Circuit Court in the first instance. See State v. Choy Foo, 142 Hawaiʻi 65, 70, 414 P.3d 117, 122 (2018); State v. Liu, CAAP-13-0001580, 2016 WL 3063668 (Haw. App. May 27, 2016) (SDO).

Therefore, the Circuit Court's February 28, 2023 Judgment is vacated, and the case is remanded for entry of an order of dismissal, with or without prejudice, in the Circuit

Court's discretion, after considering the factors established in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

It is also hereby ordered that Saffeels's Motion for Release Pending Appeal filed on July 2, 2023 is dismissed as moot.[3]

It is further ordered that all pending motions are denied as moot.

DATED: Honolulu, Hawaiʻi, February 26, 2024.

On the briefs:

Gerald T. Johnson,
Court-Appointed Attorney
 for Defendant-Appellant.

Renee Ishikawa Delizo
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[3] This ruling is without prejudice to any relief Saffeels may seek in the Circuit Court in light of this Summary Dispostion Order.